IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MONTEL MURRY                                                                                           PLAINTIFF

v.                                          4:10CV00165WRW/HLJ

B.TOWNSEND, et al.                                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

### **DISPOSITION**

By Order dated March 24, 2010 (DE #3), this Court granted plaintiff's application to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed plaintiff to amend his complaint. Plaintiff has now filed two amended complaints (DE ##5, 6).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff is an inmate incarcerated at the Pulaski County Detention Facility (Jail). He filed this action against defendants pursuant to 42 U.S.C. § 1983. In his original complaint, in which he named eleven individuals as defendants, plaintiff complains about the confiscation of his commissary items upon his arrival at the Jail. He specifically alleges defendant Townsend gave him thirty minutes to consume his items before they were destroyed, improperly confiscated plaintiff's hot chocolate, and failed to abide by Jail regulations. He also states defendant Morgan affirmed the grievance he filed about the incident, without investigation. In the Court's March 24, 2010 Order, the Court noted that plaintiff did not allege specific unlawful actions against most of the named defendants, and directed plaintiff to more clearly state his allegations, including the name of each individual personally involved, how that individual was involved and how that individual violated plaintiff's constitutional rights. In his subsequent filings, however, plaintiff again fails to include any allegations against defendants Redmon, Warner, Lovelace, Holladay, Brawley, S. Smith, and Martin. Therefore, the Court finds that these defendants should be dismissed from plaintiff's complaint for failure to state a claim for relief.

In his amended complaints, plaintiff does not refer to the incident at issue in his original complaint, but rather, complains about two false disciplinary charges involving defendants Greer and Patterson, and a newly-named defendant, E. Johnson. Plaintiff also alleges defendants' conduct was unprofessional and violated Jail rules and regulations.

In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In this particular case, the Court finds that plaintiff does not state a claim for a deprivation of a Constitutional right against any of the defendants. First, with respect to plaintiff's allegation concerning false disciplinary charges, the filing of a false disciplinary charge is not itself actionable under § 1983. Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994). In order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Woods v. Smith, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995), and Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998). There is no indication of a favorable termination in this case.

Furthermore, an internal Jail policy or procedure does not create a constitutional right, nor does a prison official's failure to follow such a regulation rise to the level of a § 1983 claim. Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) . In addition, the failure to investigate a grievance does not state a § 1983 claim. See Toole v. Connell, 2008 WL 4186334 (N.D.N.Y.). Finally, with respect to plaintiff's allegations concerning the unlawful taking of his commissary items, the United States Supreme Court held in Hudson v. Palmer that when a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if the state law provides adequate post-deprivation remedies. 468 U.S. 517, 536 (1984). The State of Arkansas provides such remedies through the Arkansas Claims Commission. See Ark. Code Ann. § 19-10-204.

In conclusion, the Court finds that plaintiff's allegations against defendants fail to state a Constitutional claim for relief, and that plaintiff's complaint should be dismissed with prejudice.

Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is hereby DISMISSED for failure to state a claim, and that this dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal taken from this decision is not in good faith.

IT IS SO ORDERED this 15th day of April, 2010.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[1] The PLRA provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.